1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MARINOVICH, on Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT U.S.A., INC., THE HOME DEPOT, INC., FRANKLIN INDUSTRIES, LLC., and DOES 1 through 10, inclusive<br><br>　　　　　　　Defendants.<br>_____ | Case No:CV08-5536 RSWL (FFMx)<br><br>**CLASS ACTION**<br><br>*REVISED* [~~PROPOSED~~] **PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY COURT** |

On consideration of the Stipulation for Protection of Confidential materials submitted by Plaintiff Robert Marinovich and Defendants Home Depot U.S.A., Inc., The Home Depot, Inc., and Franklin Industries, LLC (collectively, "Parties"), and it appearing to the Court that such a Protective Order is necessary and appropriate and will facilitate discovery,

**IT IS THEREFORE ORDERED** that:

1. Any party to this action and any non-party who produces documents or other information in this action may designate such information as "Confidential" pursuant to this Order. The following materials may be designated as confidential:

    i. Any materials which the designating party reasonably believes to be of a proprietary business nature, or to consist of or contain information about customers, suppliers, financial or marketing information, research and development of any products, business strategies, business leads, costs of production, sales prices of products sold, any parties' margins, profits or losses generated from sales of goods, manufacturing processes or data, operational information, or any other highly sensitive information of a scientific or technical nature which is not readily available or widely known to the public.

    ii. Any discovery documents, including any written responses to requests for production, requests for admissions, interrogatories, or deposition transcripts, which refer to or are reasonably derived from any documents in category 1, above.

2. Designation of materials as confidential under this Order alone does not establish that such documents shall be sealed pursuant to Local Rule 79-5.1, and this Order does not establish that any particular document may be filed under seal. If any party desires to quote, summarize, or refer to any material which has been designated as confidential by any party under this Order, in any pleading or other document which is to be filed or lodged with the Court, that party shall

1  submit concurrently with its documents to be filed or lodged, an application under
2  Local Rule 79-5.1 to file the papers, or the portion thereof containing the
3  protected information, under seal.  Such application shall be directed to the
4  judicial officer to whom the papers are to be directed.  However, if any party files
5  or lodges with the Court any pleading or other document which quotes,
6  summarizes, or refers to any material which had been designated as confidential
7  by any party under this Order, without filing concurrently an application under
8  Local Rule 79-5.1 as set forth herein, such conduct shall be a violation of this
9  Order.

10       3.    Documents shall be filed in sealed envelopes, prominently marked
11  with the caption of the relevant case and with a statement in substantially the
12  following form:

13  <u>CONFIDENTIAL MATERIAL FILED UNDER SEAL</u>

14  This envelope contains documents that are subject to a Protective
      Order by the Court in this action and shall not be opened or disclosed
15  except by the Court or by order of the Court in this action.

16  Copies of any motion, pleading or other document containing confidential
17  information obtained pursuant to this Order shall be stamped on the cover page
18  with the legend "CONFIDENTIAL."  Confidential information obtained pursuant
19  to this Order that is used in ~~any court proceeding, including~~ **(FFM)** depositions
20  shall not lose its confidential status, and the parties shall take all steps reasonably
21  necessary to protect the confidentiality of such information during its use.

22       4.    Any party or deposition witness who wishes to designate, as
23  confidential, deposition testimony or documents submitted as exhibits to a
24  deposition may do so on the record during the deposition, or within thirty (30)
25  days after receipt of the deposition transcript and exhibits, by providing written
26  notice of the designation to the parties and any other affected person.  If the
27  designation is made on the record at the deposition, the person making the
28  designation shall be responsible for assuring that those portions of the deposition

1 transcript and exhibits designated as confidential are marked by the reporter in the
2 manner described herein.  If the designation is made by notice after receipt of the
3 transcript or exhibits, any party receiving notice of the designation shall stamp as
4 confidential the designated portions of the copies of the transcript or exhibits in its
5 possession, and shall take all reasonable steps to assure that transcripts copied but
6 no longer in the possession of said party likewise are appropriately stamped.  Until
7 thirty (30) days after the court reporter serves a copy of the transcript of a
8 deposition or hearing, all such transcripts shall be deemed confidential under the
9 terms of this Order.

10  5. If any document or information designated as confidential pursuant to
11 this Order is used or disclosed during the course of a deposition, that portion of
12 the deposition record reflecting such material shall be stamped with the
13 appropriate designation and access thereto shall be limited pursuant to the terms of
14 this Order.  The court reporter for the deposition shall mark the cover page of the
15 deposition transcript and all appropriate pages or exhibits, and each copy thereof,
16 in accordance with paragraph 3 of this Protective Order.  Only individuals who are
17 authorized by the terms of this Order to see or receive such material may be
18 present during the discussion or disclosure of such material.

19  6. Any party may designate as confidential any documents previously
20 produced or disclosed without such designation by the producing party, within
21 thirty (30) days, by delivering written notice to the counsel who requested or
22 obtained the confidential material and by providing to all parties copies of the
23 documents with the "CONFIDENTIAL" legend.  No party shall be liable for
24 publicly disclosing a document marked confidential if that disclosure occurred
25 prior to receipt of said written notice.

26  7. The designation of any materials as confidential under the terms of
27 this Order shall not effect the admissibility of any evidence, or the rights or ability
28 of any party or witness to introduce any evidence, during any court proceedings

3

and/or at trial. Any protective measures which any party desires relating to any confidential materials or information to be introduced or admitted during any court proceedings and/or at trial shall be addressed to the judicial officer conducting the particular proceeding at the appropriate time.

    8. Except by agreement between the parties or further order of this Court, information designated as confidential pursuant this Order shall not be disclosed to any person other than the following:

        i. The Court and any Court staff and/or administrative personnel;

        ii. Counsel for any party to this action, including support staff of such counsel;

        iii. Counsel for any insurer or indemnitor of any defendant, including support staff of such counsel;

        iv. Named parties and/or officers or employees of any party to this action who are assisting counsel in the prosecution or defense of this action;

        v. Any court reporter employed in this litigation and acting in that capacity;

        vi. Experts or consultants retained by counsel to assist in the preparation of this action or to testify at trial or at any other proceeding of this action;

        vii. Any actual or potential witness, provided there is a reasonable basis to believe the witness will give relevant testimony regarding the confidential material;

        viii. Any person testifying at deposition; and

        ix. Any person identified as having authored or previously received such material.

    9. Counsel desiring to reveal confidential information to any of the persons referred to in paragraph 8 shall inform such person that the material is subject to a protective order and shall provide such person with a copy of this

Order prior to disclosure of any material designated as confidential. Any person who receives this Order and is provided with any material designated as confidential shall execute an Acknowledgment and agree to be bound by this Order and to be subject to the jurisdiction of this Court for any proceedings related to the enforcement of this Order, except that neither the Court nor any Court personnel shall be required to execute the below Acknowledgment or agree to be bound by this Order:

<u>ACKNOWLEDGMENT</u>

I hereby certify my understanding that Confidential information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order dated July ___, 2009, in *Marinovich v. Home Depot U.S.A., et al*, Case No. CV08-05536 RSWL (FFMx) (C.D. Cal.). I have been given a copy of that Order and have read it. I agree to be bound by the Order. I will not reveal the Confidential information to anyone, except as allowed by the Order. I hereby consent to the jurisdiction of the United States District Court of the Central District of California for the purpose of enforcing the Stipulation and Protective Order.

DATED:_____       _____

Name:_____

/ / /
/ / /
/ / /
/ / /
/ / /

10. Information designated confidential pursuant to this Order also may be disclosed if: the party or non-party making the designation consents to such disclosure; the Court, after notice to all affected persons, allows such disclosure; or the party to whom confidential information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to counsel for the party which made the designation, and permits counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of the subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

11. In the event that at any time any party objects to another party's designation of any material as confidential, the party shall state the objection in writing to counsel for the party making the designation and all parties shall make good faith efforts to resolve the dispute without intervention of the Court. If the parties are unable to resolve the objection, any party may move the Court to do so under L.R. 37-1 through 37-4. In any court review, the producing party shall have the burden of showing that the information is appropriately designated for protection as confidential pursuant to this Order. Any disputed document or other material shall be treated as confidential until the Court rules otherwise.

12. The aforementioned terms of this Protective Order does not apply to evidence presented at court proceedings and/or trial.

13. Nothing in this Protective Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own confidential information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and in the course

1 thereof, relying on examination of stamped confidential information.

2     14. After the final resolution of this action, including any appeals, a producing party may request, in writing, the destruction or return of documents subject to this Order which were not filed with the Court.  The recipient of such request shall have sixty (60) days in which to return the documents, destroy the documents or file a motion seeking an order upon which good cause shown that the documents should not be destroyed or returned.  Costs of destruction of documents subject to this Order or costs associated with the return of documents subject to this Order shall be borne by the party requesting the destruction or return of documents.

    15. This Order shall apply to all parties, including all parties that may be brought into this case after execution of this Order, and to all non-parties producing or receiving confidential information.

    16. The Court shall retain jurisdiction, even after termination of this lawsuit, (a) to make such amendments, modifications and additions to this Order as it may from time to time be deemed appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of confidential material.

    17. Nothing in this Order shall be deemed to relieve a party from producing documents or from making timely responses or objections to discovery requests.  Nothing in this Order shall be deemed a waiver of any party's rights to oppose production of any information, whether or not confidential, upon any proper grounds.

**IT IS SO ORDERED**.

Dated: July 31, 2009        /S/ FREDERICK F. MUMM
                                  Honorable Frederick F. Mumm
                                  United States Magistrate Judge